[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: OBJECTION TO JURY CLAIM
Following the plaintiff's claim of the above captioned matter for a jury trial, the defendant has filed an objection to that claim and requested that the case be removed from the inventory of cases awaiting jury trial. It points to a section of the financing agreement which is at the heart of this case, which states: "Borrower hereby waives all rights to a trial by jury in the event of any litigation with respect to any matter connected with this Agreement, the Obligations, the Receivables, or any other transaction between the parties . . ." The defendant contends that, pursuant to LR Realty v. Connecticut National Bank,246 Conn. 1, 24 (1998), such express commercial contractual jury trial waivers entered into prior to litigation are presumptively enforceable.
In response, the plaintiff notes that the paragraph in question, paragraph 8.3, is buried within a fairly complex four page fine print document on legal size paper and that there is nothing, such as bold print or location near the document's signature lines, that calls attention to it. Indeed, section 8 is captioned "lender's remedies upon borrower's default" and thus hardly advertises itself as a waiver of a fundamental right. The defendant counters that both parties were represented by sophisticated counsel and that, indeed, changes were made and initialed in other portions of paragraph 8.
Having heard argument and reviewed both the financing agreement and the parties' memoranda of law, the court concludes that the location of the waiver passage within the agreement, the failure to delineate it clearly as a waiver provision, and the absence of bold print or a distinguishing font, are together sufficient to rebut the presumption of a valid waiver and to require the court to hold an evidentiary hearing to determine whether the waiver is indeed valid. The court therefore tentatively sets Wednesday, November 16, 2000 at 9:30 a.m. as the date and time for such a hearing, but it invites the parties to confer among themselves and, if necessary, to agree upon an alternate date, which must be a day other than a Short Calendar Day and also at 9:30 a.m. CT Page 13438
Jonathan E. Silbert, Judge